# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
)
**JULIUS WAYNE MILLER,**           )
                  )
  **Plaintiff,**                          )
                   )
    v.                              )  Case No. 17-cv-1619 (APM)
                   )
**DISTRICT OF COLUMBIA, et al.,** )
                   )
  **Defendants.**                      )
_____ )

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff Julius Wayne Miller has sued the District of Columbia, the Warden of the District of Columbia Jail (collectively, "the D.C. Defendants"), the United States Parole Commission ("Commission"), and the United States Attorney General (collectively, "the Federal Defendants") for monetary damages based on a 32-month delay in the Commission's execution of a parole violator warrant. Liberally construed, Plaintiff brings this action for money damages under (1) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq.*, and (2) 42 U.S.C. § 1983, claiming that the delay violated his due process rights. This case is before the court on the D.C. Defendants' Motion to Dismiss, ECF No. 11, and the Federal Defendants' Motion to Dismiss, ECF No. 22. The D.C. Defendants assert that no claim has been stated because they lack authority over such matters. The Federal Defendants assert several grounds for dismissal, including sovereign immunity. For the reasons explained below, both motions are granted.

## II. BACKGROUND

Plaintiff was on supervised release from a sentence imposed by the Superior Court of the District of Columbia when, on October 13, 2014, he was indicted in Maryland state court for armed carjacking and related crimes. *See* Compl., ECF No. 1, at 1–3. Shortly thereafter, on October 22, 2014, the U.S. Parole Commission "issued and lodged as a detainer a warrant against [Plaintiff] for violation of the release conditions." *Id*. at 1. On August 21, 2015, Plaintiff pleaded guilty to robbery in the Circuit Court for Prince George's County, Maryland, and was subsequently sentenced "to a [prison] term of 10 years with all but 4 years to be suspended, with 5 years of probation to follow upon his release." *Id*. at 2; *see also* Fed. Defs.' Mot. to Dismiss, ECF No. 22, Mem. in Supp. [hereinafter Fed. Defs.' Mem.], at 2. Plaintiff "was transferred to the State of Maryland Department of Corrections" to serve that sentence. Compl. at 2. In October 2015, Plaintiff allegedly requested "that the U.S. Parole Commission conduct a revocation hearing for which the parole violator warrant was issued and lodged as a detainer," and in September 2016, he requested "a dispositional interview" with regard to the warrant. *Id*.

Plaintiff was released from Maryland's custody on June 19, 2017, and the Commission's warrant was executed on June 21, 2017, resulting in Plaintiff's transfer to the District of Columbia jail. *See* Compl. at 3; Fed. Defs.' Mem. at 2. On August 5, 2017, Plaintiff was "transported from the D.C. D.O.C. to the Federal Detention Center" in Philadelphia, Pennsylvania, Pl.'s Opp'n to D.C. Defs.' Mot. to Dismiss, ECF No. 14, at 2, where he received a parole revocation hearing on August 22, 2017. *See* Fed. Defs.' Reply, ECF No. 29, Ex. 1 (Notice of Action), ECF No. 29-1. Following the hearing, the Commission, citing the Maryland conviction, revoked Plaintiff's D.C. supervised release term and ordered him to "serve a new term of imprisonment of 9 month(s) from June 21 2017, the date the warrant was executed." *Id*. at 1. The Commission noted that with

2

that new term and "a credit of 32 month(s) . . . for time served," Plaintiff would serve "41 months toward [his] guidelines of 60–72 months." *Id*. The Commission explained that it was imposing a sentence "below the guidelines . . . because the maximum authorized term of imprisonment limit[ed] the time [he] [would] serve to less than the bottom of the guideline range." *Id*. In other words, the remaining time left on Plaintiff's D.C. sentence, i.e., nine months, was less than the low end of the guideline range for the supervised release revocation, resulting in a less-than-guideline-range sentence. The Commission did not impose "an additional term of supervised release as part of [the] revocation decision," but noted that once released from his D.C. sentence Plaintiff would have "a new 5 year term of supervised release as imposed by the Circuit Court" in Maryland. *Id*.

The National Appeals Board affirmed the Commission's decision on November 13, 2017. Fed. Defs.' Reply, Ex. 2, ECF No. 29-2. On appeal, Plaintiff asserted, among other things, that the Commission had violated his due process rights by delaying his revocation hearing until after the end of his Maryland sentence. *Id.* at 1. The Board rejected that contention, explaining that the Commission "is not required to begin the revocation procedure until [its] warrant has been executed," and that, in Plaintiff's case, the "revocation hearing was held within 90 days of the warrant's execution as required by Commission rules." *Id.*

### III. LEGAL STANDARDS

#### A. Rule 12(b)(1)

The Federal Defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction," which cannot "be expanded by judicial

3

decree." *Id.*; *see also Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004) ("As a court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction."). "If the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." Fed. R. Civ. P. 12(h)(3).

When deciding a motion under Rule 12(b)(1), a court must accept all well-pleaded factual allegations in the complaint as true. *See Jerome Stevens Pharm., Inc. v. Food & Drug Admin.*, 402 F.3d 1249, 1253–54 (D.C. Cir. 2005). In addition, the court may consider "such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction to hear the case." *Scolaro v. D.C. Bd. of Elections & Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000); *see Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992). Specifically, when it is necessary to look beyond the face of the complaint to determine whether the court has subject-matter jurisdiction, the court may consider "the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *See Coal. for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) (internal quotation mark omitted). The plaintiff bears the burden of establishing the court's subject-matter jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).

### B. Rule 12(b)(6)

The D.C. Defendants have moved to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

4

defendant is liable for the misconduct alleged." *Id.* The factual allegations in the complaint need not be "detailed," but Rule 8's pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (internal quotation mark omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* If the facts as alleged fail to establish that a plaintiff has stated a claim upon which relief can be granted, a court must grant the defendant's Rule 12(b)(6) motion. *See Am. Chemistry Council, Inc. v. U.S. Dep't of Health & Human Servs.*, 922 F. Supp. 2d 56, 61 (D.D.C. 2013).

In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept a plaintiff's "factual allegations . . . as true," *Harris v. D.C. Water & Sewer Auth.*, 791 F.3d 65, 67 (D.C. Cir. 2015), and "construe the complaint 'in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged,'" *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (quoting *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979)). The court need not accept as true, however, "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "inferences . . . unsupported by the facts set out in the complaint," *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

## IV. DISCUSSION

### A. Sovereign Immunity

The Federal Defendants invoke sovereign immunity, *see* Fed. Defs.' Mem. at 3–5, which "is jurisdictional in nature," *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Under the doctrine of sovereign immunity, the United States, including agencies and employees in their official capacities, "cannot be sued without giving its consent, and any waiver of sovereign immunity 'must be unequivocally expressed in statutory text.'" *Morris v. U.S. Sentencing Comm'n*, 696

5

F. App'x 515, 516 (D.C. Cir. 2017) (internal citation omitted) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)); *see also Friends of the Earth v. EPA*, 934 F. Supp. 2d 40, 45–46 (D.D.C. 2013) ("When it has not been waived, sovereign immunity shields the federal government, its agencies, and federal officials acting in their official capacities from suit." (citing *Meyer*, 510 U.S. at 471; *Kentucky v. Graham*, 473 U.S. 159, 166–67 (1985)).

The FTCA provides a waiver of claims for money damages based on certain tortious conduct, but only where the United States "'would be liable to the claimant' as 'a private person' 'in accordance with the law of the place where the act or omission occurred.'" *Meyer*, 510 U.S. at 477 (quoting 28 U.S.C. § 1346(b)). The FTCA does not waive the United States' immunity from a lawsuit, such as this one, that is based on constitutional torts because "[b]y definition, federal law, not state law, provides the source of liability for a claim alleging the deprivation of a federal constitutional right." *Id.* at 478; *see also* 28 U.S.C. § 2679(b)(2) (noting that the FTCA "does not extend or apply to a civil action against an employee of the Government . . . brought for a violation of the Constitution of the United States"). Furthermore, while the Commission administers parole for D.C. Code offenders, it "retains the immunity it is due as an arm of the federal sovereign." *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1106 (D.C. Cir. 2005). Thus, the court agrees that jurisdiction is lacking to the extent that damages are sought under the FTCA. *See Stoddard v. U.S. Parole Comm'n*, 900 F. Supp. 2d 38, 41 (D.D.C. 2012).

Plaintiff has identified no other plausible basis to satisfy his burden on the jurisdictional question. Accordingly, the complaint against the Federal Defendants is dismissed under Rule 12(b)(1).[1]

---

[1] Even if Plaintiff could overcome the jurisdictional defect, the court agrees that the complaint "is fraught with problems," Fed. Defs.' Mem. at 3, including the following. First, Plaintiff purports to sue under 42 U.S.C. § 1983, Compl. at 1, which, by its terms, applies only to state actors, not federal actors, like the U.S. Parole Commission and the U.S. Attorney General. *See Settles*, 429 F.3d at 1105 (finding "no clear statement [in the statutory text] that would

6

## B. Failure to State a Claim

The D.C. Defendants contend that no claim has been stated against them, because they "had no authority to circumvent the delay allegedly caused" by the Commission. D.C. Defs.' Mot. to Dismiss, ECF No. 11, ¶ 2. The court agrees. The National Capital Revitalization and Self-Government Improvement Act of 1997 transferred (1) "responsibility for the imprisonment of all felons convicted under the [D.C.] Code from the city to the federal government," and (2) "authority over parole and reparole decisions from the District of Columbia Board of Parole ('Board') to the . . . Commission." *Fletcher v. Reilly*, 433 F.3d 867, 868–69 (D.C. Cir. 2006). The Commission assumed jurisdiction in 1998, *id.* at 869, and the Board was "legally extinguished" in 2001, *id.* at 873, thereby leaving the District of Columbia with no authority over parole matters. *See* D.C. Code § 24-131(a) (conferring exclusive paroling jurisdiction upon the Commission). Therefore, the D.C. Defendants can have no liability for the alleged unconstitutional delay in executing the Commission's warrant. Accordingly, the complaint against the D.C. Defendants is dismissed under Rule 12(b)(6). *See Morris*, 696 F. App'x at 516 (affirming dismissal of claims against the U.S. Attorney General and Department of Justice where the defendants "played no role whatsoever in the actions [the plaintiff] alleged injured him").

---

make the Commission itself subject to liability under § 1983"). And, as to U.S. Attorney General Sessions, Plaintiff's claim fails for an additional reason: government officials may be not held liable under section 1983 "for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*," *Iqbal*, 556 U.S. at 676; *see Epps v. U.S. Attorney Gen.*, 575 F. Supp. 2d 232, 239 (D.D.C. 2008), and Sessions is not alleged to have played any personal role in Plaintiff's revocation proceedings, *see* Compl. Second, a delay in holding a parole revocation hearing, even if unreasonable, is "not prejudicial where," as in this case, the violator "was under custody on other criminal sentences." *Sutherland v. McCall*, 709 F.2d 730, 732–33 (D.C. Cir. 1983). In fact, the Commission "was under no obligation to [execute the warrant and] conduct a revocation hearing while Plaintiff was serving the Maryland sentence." *Nelson v. Williams*, 750 F. Supp. 2d 46, 51 (D.D.C. 2010) (citing *Moody v. Daggett*, 429 U.S. 78, 89 (1976)), *aff'd*, No. 10-5429, 2011 WL 2618078 (D.C. Cir. June 23, 2011).

## V. CONCLUSION

For the foregoing reasons, the Defendants' motions are granted, and this action is dismissed with prejudice.

A separate order accompanies this Memorandum Opinion.

Dated: August 3, 2018

Amit P. Mehta
United States District Judge